# EXHIBIT A

Waiver of Service on November 5, 2019

*AJ LAW, PLC*
Abdoukadir 'Abdul' Jaiteh
State Bar No. 029833
Elizabeth M. Gonzalez
State Bar No. 030781
7201 N. 7th Street
Phoenix, Arizona 85020
(602) 237-5277
abdul@ajlawplc.com
*Attorneys for Plaintiff*

**IN THE SUPERIOR COURT IN THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF COCONINO**

| | |
|---|---|
| MARK FOSTER, a single man; | NO. S0300CV201900375 |
| Plaintiff, | **WAIVER OF SERVICE AND ACCEPTANCE OF SUMMONS** |
| vs. | |
| H & L BROTHERS TRANSPORT, LLC, a foreign corporation; MOHAMED HILOULE ABDULLE and JANE DOE ABDULLE, husband and wife; JANE DOES I-X; JOHN DOES I-X; WHITE PARTNERSHIPS I-X; and BLACK CORPORATIONS I-X; | |
| Defendants. | |

To:   Abdoukadir 'Abdul' Jaiteh, Esq.
      Elizabeth Gonzalez, Esq.
      AJ Law, PLC
      7201 N. 7th Street
      Phoenix, Arizona 85020

I am counsel for Defendant, H & L BROTHERS TRANSPORT, LLC, and am authorized to accept service on their behalf.

1

I acknowledge receipt of your requests that I waive service of a summons in the above-entitled action. I acknowledge that I have received copies of the Summons, Complaint, Certificate Regarding Compulsory Arbitration, this Waiver and a means by which I can return the signed Waiver to you without cost to me.

On behalf of the Defendant, I agree to save costs of a summons by not requiring that the above-named defendants be served with judicial process in the manner provided by the Arizona Rules of Civil Procedure.

The Defendant will retain all defenses or objections to the Complaint or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of summons.

The Defendant understands that a judgment may be entered against it if a response is not served upon counsel for Plaintiff within an appropriate time after the date of Waiver of Process.

DATED this ____ day of November, 2019.

By_____
Christopher K. Heo
Wood, Smith, Henning & Berman LLP
*Attorney for Defendants*

2

## DUTY TO AVOID UNNCESSARY COSTS OF SERVICE OF SUMMONS

Rule 4.1 and Rule 4.2 of the Arizona Rules of Civil Procedure require certain parties to cooperate in saving unnecessary costs of service of the summons and a pleading. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a signed copy of the response with the court. If the answer or motion is not served within the time frame, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed (more time) sixty (60) days to answer than if the summons had been actually served when the request for waiver of service was received.

3

Original of the foregoing filed mailed this
___ day of _____, 2019 to:

Maricopa County Superior Court
Northeast Division

Copy of the foregoing e-mailed
this ___ day of _____, 2019 to:

Christopher K. Heo
Wood, Smith, Henning & Berman LLP
2525 E. Camelback Road
Suite 450
Phoenix, AZ 85016

*Attorney for Defendants*

By: _____

4

# EXHIBIT B

Complaint

EXHIBIT B

FILED
Valerie Wyatt
CLERK, SUPERIOR COURT
07/31/2019 5:39 PM
BY: SCALANDRA
DEPUTY

Case No.: S0300CV201900375
HON. MARK MORAN

**AJ LAW, PLC**
Abdoukadir 'Abdul' Jaiteh, Esq.
State Bar No. 029833
Elizabeth M. Gonzalez, Esq.
State Bar No. 030781
7201 N. 7th Street,
Phoenix, Arizona 85020
P: (602) 237-5277
abdul@ajlawplc.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT IN THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF COCONINO

| | |
|---|---|
| MARK FOSTER, a single man; | NO. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| | **(TORT – MOTOR VEHICLE)** |
| H & L BROTHERS TRANSPORT, LLC, | |
| a foreign corporation; MOHAMED | **TIER 3** |
| HILOULE ABDULLE and JANE DOE | |
| ABDULLE, husband and wife; JANE | ASSIGNED TO: |
| DOES I-X; JOHN DOES I-X; WHITE | |
| PARTNERSHIPS I-X; and BLACK | |
| CORPORATIONS I-X; | |
| Defendants. | |

COMES NOW the Plaintiff, Mark Foster, a single man, hereinafter referred to as "Plaintiff," by and through undersigned counsel, complaining of the Defendants, and in support thereof, states as follows:

### I. JURISDICTION AND VENUE

1. Plaintiff seeks damages within the jurisdictional limits of this Court, and affirms that this case is subject to Tier 3 pursuant to 26.2 of Ariz. R. Civ. P.

1

2. At all times relevant to this complaint, Plaintiff was a resident of Yucca Valley, San Bernardino, California, and the cause of action on which this Complaint is based occurred in Coconino County, Arizona.

3. At all times relevant to this complaint, upon information and belief, Defendant H & L Brothers Transport, LLC (hereinafter "Defendant H & L Brothers") is a foreign corporation authorized to and doing business in the State of Arizona at the time of loss.

4. At all times relevant to this complaint, upon information and belief Defendants Mohamed Hiloule Abdulle and Jane Doe Abdulle, (hereinafter "Defendant Abdulle") were residents of Columbus, Ohio.

5. Defendant Abdulle was at all times relevant to this complaint acting on behalf of the marital community.

6. Defendants John Does I-X, Jane Does I-X, White Partnerships I-X and Black Corporations I-X, are fictitious parties, whose identities are currently unknown, and who may reside in Coconino, Arizona.

7. Venue is proper in Coconino County because the facts giving rise to the cause of action occurred in Coconino County, Arizona and within the jurisdiction of this Court.

8. Plaintiff seeks damages within the jurisdictional limits of this Court.

## II. COUNT ONE
## (Negligence)

9. On or about August 12, 2017 at approximately 6:11 p.m., Plaintiff was the restrained driver of a 2014 red freightliner semi-truck with a box trailer.

10. Plaintiff was traveling eastbound on the I-40 Highway near MP-217.1, in the city of Flagstaff, Arizona.

11. At the same time Defendant Mohamed Hiloule Abdulle was driving a 2015 red freightliner semi-truck registered to Defendant H & L Brothers Transport LLC.

12. At the time of the collision, Defendant Abdulle was acting within the course and scope of his employment with Defendant H & L Brothers.

13. Defendant Abdulle was traveling westbound, in the opposite direction of Plaintiff, on Interstate 40 freeway near MP 217.1, in the city of Flagstaff, Arizona.

14. Defendant Abdulle was traveling westbound on Interstate 40, when he suddenly drove out of his lane, crossed the center median of the highway, into the eastbound I-40 lanes and collided into Plaintiff's semi-truck and/or trailer.

15. The force of the collision caused Plaintiff's commercial truck to flip over on its side, catch fire and burn down, resulting in a total loss of the vehicle.

16. Defendant Abdulle negligently operated his motor vehicle when he failed to control his speed to avoid a collision with Plaintiff's commercial truck, when he

crossed into the interstate traffic traveling in the opposite direction and collided into Plaintiff's truck.

17. Defendant Abdulle negligently operated his motor vehicle when he failed to stay in a single-marked lane and instead drove across the median into eastbound traffic, causing a collision with Plaintiff.

18. Defendant Abdulle negligently operated his motor vehicle when he drove with reckless disregard for the safety of persons or property when he caused the collision.

19. Defendant Abdulle negligently operated his vehicle when he failed to control the speed of his vehicle; crossed through the median of the freeway and collided into Plaintiff's vehicle resulting in a fiery crash.

20. Defendant H & L Brothers, is vicariously liable for the negligence of Defendant Abdulle.

21. Defendant H & L Brothers, is also negligent in its own right for failing to ensure Defendant Abdulle was properly trained, supervised, and/or followed proper procedures in accordance with the Federal Motor Carrier Safety Administration and is therefore liable to Plaintiff for any injuries and damages sustained as a result of such negligence.

22. The collision caused Plaintiff to suffer personal injuries that required medical care and other special and general damages.

23. That as a proximate result of the Defendants' negligence, carelessness, and recklessness, Plaintiff sustained personal and bodily injuries including, but not limited to: Post-Traumatic Stress Disorder; 30% Impairment Rating; insomnia disorder; Olecranon spur on left elbow; loose bone fragment in right elbow; left shoulder sprain and contusion; left and right hip contusions; media epicondylitis, right and left elbows; lower abdominal pain; back pain; muscle spasms; lumbago; strain and sprain of lumbar region; 30% impairment rate of whole person for post-traumatic stress disorder; loss of sleep and anxiety; emotional distress; pain and suffering; loss of enjoyment of life; lost wages; medical expenses and other special damages; and other losses and miscellaneous expenses in amounts to be proven at trial before a jury or arbitrator.

24. Plaintiff may continue to suffer pain, discomfort, and anxiety as a result of the injuries and may incur additional medical expenses in the future.

25. Plaintiff's enjoyment of life has been impaired and may remain so in the future.

26. Plaintiff has been permanently damaged due to Defendants' negligence.

## II. COUNT TWO
### (Negligence *Per Se*)

27. Plaintiff incorporates all previous paragraphs and allegations herein by reference as if fully set forth herein.

28.  Defendant Abdulle breached his statutory duty of care by driving at a speed that was unsafe for road conditions and failed to avoid colliding with Plaintiff when he crossed into eastbound traffic on Interstate 40, in violation of A.R.S. §28-701(A).

29.  Defendant Abdulle breached his statutory duty of care by driving his vehicle with reckless disregard for the safety of persons or property, when he drove his truck into the opposite side of traffic on Interstate 40, in violation of §28-693(A).

30.  Defendant Abdulle negligently operated his motor vehicle when he failed to stay in a single-marked lane when he drove out of his lane, crossed a median and drove into eastbound traffic on Interstate 40, in violation of A.R.S. §28-729.

31.  Defendant Abdulle is held to a greater standard of care, in that professional truck drivers should exercise a greater amount of caution than the ordinary driver and take fewer risks than an ordinary driver.

32.  Defendant Abdulle lacked the required knowledge to drive the commercial truck in violation of the Federal Motor Carrier Safety Regulations, including, but not limited to: §383.111(a)(14); §383.111(a)(20); and §383.111(b).

33.  Defendant H & L Brothers is vicariously liable for the negligence of Defendant Abdulle.

34.  Defendants' breach of these statutory duties constitutes *negligence per se.*

35.  Plaintiff has been damaged because of Defendants' *negligence per se.*

36. The actions and/or inactions of Defendants are the legal and proximate cause of Plaintiff's damages.

37. That as a proximate result of the Defendants' negligence, carelessness, and recklessness, Plaintiff sustained personal and bodily injuries including, but not limited to: Post-Traumatic Stress Disorder: 30% Impairment Rating; insomnia disorder; Olecranon spur on left elbow; loose bone fragment in right elbow; left shoulder sprain and contusion; left and right hip contusions; media epicondylitis, right and left elbows; lower abdominal pain; back pain; muscle spasms; lumbago; strain and sprain of lumbar region; loss of sleep and anxiety; emotional distress; pain and suffering; and loss of enjoyment of life. He will continue to experience such personal injuries in the future as a result of the tortious acts or omissions of the Defendants.

38. The tortious acts or omissions of the Defendants directly and proximately caused Plaintiff to incur reasonable expenses for necessary psychological services and he will continue to incur such expenses in the future as a result of the tortious acts or omissions of the Defendants.

39. The tortious acts or omissions of the Defendants directly and proximately caused Plaintiff to suffer lost wages and loss of future income, as the Plaintiff can no longer be employed as a commercial truck driver, as a result of the tortious acts or omissions of the Defendants.

40. The tortious acts or omissions of Defendants directly and proximately caused Plaintiff to incur a loss of enjoyment of life and/or participation in life's activities to the quality and extent normally enjoyed before the injury.

41. Furthermore, the tortious acts or omissions of the Defendants directly and proximately caused Plaintiff to sustained general damages in excess of the minimum jurisdictional limits of this court.

### III. DEMAND FOR JUDGMENT

**WHEREFORE,** Plaintiff demands judgment against Defendants for the following:

1. General damages for an amount to be proven at trial;
2. Special damages for an amount to be proven at trial'
3. Attorneys' fees and costs, if allowed under the law;
4. Punitive damages;
5. Pre-judgment and post-judgment interest, and
6. Such other and further relief as the Court deems just and proper under the circumstances.

DATED this 19th day of July, 2019.

*AJ LAW, PLC*

By_____
Abdoukadir 'Abdul' Jaiteh, Esq.
Elizabeth M. Gonzalez, Esq.
*Attorneys for Plaintiff*